IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
MIDDLE DIVISION AT NASHVILLE

| | |
|---|---|
| GREAT LAKES REINSURANCE (UK) PLC, <br><br> Plaintiff, <br><br> v. <br><br> MP & T HOTELS, LLC d/b/a KNIGHTS INN LEBANON, THOMAS SUTHERLAND, and CHARLES STEWART d/b/a STEWART AND SONS TERMITE AND PEST CONTROL, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the plaintiff, Great Lakes Reinsurance (UK) PLC (hereinafter referred to as "Great Lakes") pursuant to 28 U.S.C. § 2201, Fed. R. Civ. P. 57, and <u>Merrimack Mutual Fire Insurance Company v. Batts</u>, 59 S.W.3d 142 (Tenn. Ct. App. 2001), <u>perm. app. denied</u>, and would allege the following as its Complaint for Declaratory Judgment against the defendant, MP & T Hotels, LLC d/b/a Knights Inn of Lebanon (hereinafter referred to as "MP & T Hotels"), Thomas Sutherland (hereinafter referred to as "Sutherland"), Charles Stewart d/b/a Stewart and Sons Pest Control ("Stewart"):

### I. THE PARTIES

1. Great Lakes is an insurance company, which at all times relevant to this Complaint, provided insurance in the surplus market in the state of Tennessee. Great Lakes' principal place of business located at Plantation Place, 30 Finchurch Street, London, England. Great Lakes is thus a citizen and resident of the London, England for

purposes of 28 U.S.C. § 1332.

2. MP & T Hotels, is a Tennessee corporation, having its principal place of business at 903 Murfreesboro Road, Lebanon, Tennessee 37090. MP& T Hotels may be served through its registered agent for service of process, Rajul Kaushik Jurani, 903 Murfreesboro Road, Lebanon, Tennessee 37090. MP & T Hotels is thus a citizen and resident of the State of Tennessee for purposes of 28 U.S.C. § 1332.

3. The defendant, Sutherland, is a resident of Weeki Wachee, Hernando County, Florida. Sutherland voluntarily entered into this district and has filed a complaint in the Wilson County Circuit Court, under case no. 2014-cv-144 (the "Circuit Court Complaint").

4. The defendant, Stewart, is believed to be a business with its principal address 129 Rebel Road, Smyrna, Tennessee, 37167, and may be served with process upon Charles Stewart at 129 Rebel Road, Smyrna, Tennessee, 37167.

## II. VENUE AND JURISDICTION

5. As will be more fully set forth below, Great Lakes issued Policy No. GLG005531 to MP & T Hotels, at its address of 903 Murfreesboro Road, Lebanon, Tennessee 37090. A claim against the policy was submitted to Great Lakes resulting from an incident alleged to have occurred on or about March 23, 2013. The damage claimed was for personal injury to Sutherland while staying at the Knights Inn Lebanon Hotel owned and operated by MP & T Hotels located at 903 Murfreesboro Road, Lebanon, Tennessee 37090. Accordingly, venue is proper in this Court and in this Division pursuant to 28 U.S.C. §§ 1391 and 123.

6. This case is brought pursuant to the Declaratory Judgment Act as codified in

28 U.S.C. § 2201 and Fed. R. Civ. P. 57, as well as <u>Merrimack Mutual Fire Insurance Company v. Batts</u>, 59 S.W.3d 142 (Tenn. Ct. App. 2001), <u>perm. app. denied</u>. Jurisdiction exists in this Court pursuant to the provisions of 28 U.S.C. § 1332. The amount in controversy exceeds the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs. More particularly, the amount in controversy is in excess of Two Hundred Fifty Thousand Dollars ($250,000.00).

7. An actual controversy exists between Great Lakes and the defendants within the meaning of 28 U.S.C. § 2201, and this Honorable Court is vested with the power in the instant case to declare and adjudicate the rights and legal relationship between Great Lakes and MP & T with respect to the issues raised herein. Defendants Sutherland and Stewart were added as parties solely because they may have an interest in the outcome of the declaration sought by Great Lakes

### III. FACTS

8. On or about May 1, 2012, Great Lakes issued Policy No. GLG005531, a Commercial General Liability policy, to MP & T Hotels, at its address of 903 Murfreesboro Road, Lebanon, Tennessee 37090. A true and exact copy of Great Lakes Policy No. GLG005531 issued to MP & T Hotels is attached hereto as Exhibit 1, and is hereinafter referred to "the policy."

9. The policy provided general liability coverage but only in accordance with the policy's express terms, conditions, definitions and exclusions.

10. Sutherland filed suit against MP & T in the Circuit Court of Wilson County under case no. 2014-cv-144 on or about March 20, 2014. (Exhibit 2). An Amended Complaint was filed on or about August 13, 2014. (Exhibit 3).

11. According to the Complaint and Amended Complaint (hereinafter the "Circuit Court case"), on or about March 23, 2013, Sutherland was a registered guest at the Knights Inn Lebanon owned and operated by MP & T Hotels. Sutherland alleges that on or about March 23, 2013, MP & T Hotels controlled, operated and rented furnished rooms to the general public for stipulated compensation. Further, MP & T Hotels invited the general public and plaintiff to become its patron and guest at the Knights Inn in Lebanon, Tennessee.

12. Sutherland alleges MP & T Hotels solicited him to patronize and stay at the hotel, and Sutherland allegedly arrived at the hotel as business invitee on March 23, 2013, registering as a guest. (Amd. Comp. ¶ 12).

13. While in his room, Sutherland allegedly began to smell a strong chemical odor inside of his room which caused him to develop a headache. (Amd. Comp. ¶ 13).

14. Sutherland contacted the front desk by phone and inquired about moving to another room due to the strong chemical door in the room. (Amd. Comp. ¶ 14). Sutherland was informed by the front desk that no other rooms were available at the hotel. (Amd. Comp. ¶ 15). Finally, Sutherland alleges he requested a refund and this request was denied. (Amd. Comp. ¶ 16).

15. After contacting the front desk Sutherland allegedly began to experience great pain and suffering including, but not limited to, chest pains and called 9-1-1. (Amd. Comp. ¶ 17-18). Sutherland alleges that as a direct and proximate result of Sutherland's exposure to "noxious fumes and odors" at the hotel, he was taken by ambulance to the hospital, placed in ICU, and quarantined. (Amd. Comp. ¶ 20). Sutherland allegedly sustained physical injury, pain and suffering, loss of enjoyment of life and medical

expenses as a result of this exposure (Amd. Comp. ¶ 24). The Complaint and Amended Complaint contained allegations against MP & T Hotels of negligence, gross negligence, breach of contract, and violation of the Tennessee Consumer Protection Act. Sutherland seeks damages not to exceed the amount of Two Hundred Fifty Thousand Dollars and also prays for all costs, including discretionary, pre-judgment interest, post-judgment interest, attorneys' fees and expenses.

16. MP & T Hotels tendered the complaint to Great Lakes who has undertaken the defense of the matter under a full reservation of rights.

## IV. DECLARATORY RELIEF SOUGHT

17. Great Lakes avers defendant, MP & T Hotels is not entitled to any coverage with respect to the allegations made against it by Sutherland as referenced in the Circuit Court case.

18. Under the policy, the applicable insuring agreement between Great Lakes and MP & T Hotels provides as follows:

> THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
>
> **AMENDMENT OF INSURING AGREEMENT – KNOWN INJURY OR DAMAGE**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART (OCCURRENCE VERSION)
>
> Paragraph 1. **Insuring Agreement of Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:
>
> 1. **Insuring Agreement**
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or

"property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

  **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

  **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

 **b.** This insurance applies to "bodily injury" and "property damage" only if:

  **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

  **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

  **(3)** Prior to the policy period, no insured listed under Paragraph **1.** Of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

 **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known

to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

19. The following definitions are applicable to the construction of the above insuring agreement:

### SECTION V – DEFINITIONS

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**15.** "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and

> waste. Waste includes materials to be recycled, reconditioned or reclaimed.

20. Thus, in order to coverage to apply under the policy there must be covered "property damage" or "bodily injury" caused by an "occurrence". Further, any such "property damage" or "bodily injury' must occur during the policy period. Based upon the facts and allegations of the Circuit Court case, Sutherland did not sustain "property damage" or "bodily injury" caused by an "occurrence" as those terms are defined by the policy and under applicable Tennessee law.

21. Plaintiff's claims arising out of breach of contract or intentional acts referenced in the Circuit Court case do not amount to an "occurrence" resulting in either "property damage" or "bodily injury" as required for coverage to apply.

22. The policy contains the following exclusions which preclude coverage for the allegations and damages alleged in the Circuit Court case. The policy contains the following exclusions:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> **a. Expected or Intended Injury**
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> **b. Contractual Liability**
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability is a contract or agreement. This exclusion does not apply to liability for damages:

> **(1)** That the insured would have in the absence of the contract or agreement; or
>
> **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
>
>> **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
>>
>> **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

23. The policy specifically excludes damages arising out of intentional acts or contractual obligations. Accordingly, there is no coverage under the policy for allegations of breach of contract, gross negligence based upon willful or wanton acts, and/or violation of the Tennessee Consumer Protection Act.

24. The policy contains the Absolute Pollution Exclusion which states as follows:

### ABSOLUTE POLLUTION EXCLUSION

> It is agreed that the exclusion relating to the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants is replaced by the following; or in the event no such exclusion exists then the following exclusion applies nevertheless:
>
> 1. to bodily injury or property damage arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants;
>
>> (a) at or from premises owned, rented or occupied by the named insured;

(b) at or from any site or location used by or for the named insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) which are at any time transported, handled, stored, treated, disposal of, or processed as waste by or for the named insured or any person or organization for whom the names insured may be legally responsible; or\

(d) at or from any site or location on which the named insured or any contractors or subcontractors working directly or indirectly on behalf of the named insured are performing operations;

    (i) if the pollutants are brought on or to the site or location in connection with such operations; or

    (ii) if the operations are to test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize the pollutants.

2. to any loss, cost or expense arising out of any governmental direction or request that the named insured test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize pollutants.

Pollutants mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

25. Allegations of injury caused by "noxious fumes and odors" referenced in the Circuit Court case are specifically excluded and barred from coverage due to the Absolute Pollution Exclusion.

26. The claims alleged in Sutherland's complaint and amended complaint do not allege either "property damage" or "bodily injury" caused by an "occurrence" as required for coverage to apply.

27. The claims alleged in Sutherland's complaint and amended complaint are excluded by the intentional acts, contractual liability, and Absolute Pollution Exclusions.

Aff Risk Knights Inn Sutherland Comp 140808
1700 14194

10

Case 3:14-cv-02018  Document 1  Filed 10/22/14  Page 10 of 12 PageID #: 10

28. The claims alleged in Sutherland's Circuit Court case are not covered under the policy and Great Lakes has no duty to defend or indemnify MP & T.

29. Great Lakes relies upon all provisions, terms, conditions, definitions and exclusions of the policy.

30. Great Lakes seeks a declaration that no coverage is afforded for the claims referenced in Sutherland's complaint and amended complaint filed in the Circuit Court of Wilson County, Tennessee under case no. 2014-cv-144, and Great Lakes is not required to further defend MP & T in the Circuit Court case.

**WHEREFORE**, the plaintiff, Great Lakes, prays as follows:

1. That the defendants be required to answer and appear herein;

2. That this Court adjudicate and declare that the claims identified in the Circuit Court case are not covered by the policy;

3. That this Court adjudicate and declare that the damage caused by any of the defendants' actions or inactions do not constitute an "occurrence" of either "property damage" or "bodily injury" under the policy and Tennessee law;

4. That this Court adjudicate and declare that the claims identified in the Circuit Court case are specifically excluded;

5. That this Court adjudicate and declare Great Lakes has no further duty to defend MP & T in the Circuit Court case;

6. That this Court adjudicate and declare that the policy does not obligate Great Lakes to pay for any amount of damage awarded to Sutherland as a result of the Circuit Court case;

7. For such other and further legal and equitable relief as this Court deems just

and proper.

Respectfully submitted,

*[signature]*

E. JASON FERRELL
Registration No. 24425
Attorney for Plaintiff, Great Lakes Reinsurance
(UK) PLC

**BREWER, KRAUSE, BROOKS,
CHASTAIN & BURROW, PLLC**
P. O. Box 23890
Nashville, TN   37202-3890
(615) 256-8787, Ext. 116
DIRECT:  (615) 630-7716
jferrell@bkblaw.com

EJF:rkp