IN THE CIRCUIT COURT FOR WILSON COUNTY, TENNESSEE

THOMAS SUTHERLAND,

    Plaintiff,

vs.

MP & T HOTELS, LLC
d/b/a KNIGHTS INN LEBANON,

    Defendants

Docket No: 2014-CV-144
JURY DEMANDED

## COMPLAINT FOR NEGLIGENCE

COMES NOW the Plaintiff, Thomas Sutherland, by and through counsel, and for cause of action against the Defendant, MP & T Hotels, LLC d/b/a Knights Inn Lebanon, herein respectfully avers as follows:

### JURISDICTION AND VENUE

1. Plaintiff, Thomas Sutherland, is an adult resident of Weeki Wachee, Hernando County, Florida.

2. Defendant, MP & T Hotels, LLC d/b/a Knights Inn Lebanon is a Tennessee Corporation doing business for profit, with its principal address of 903 Murfreesboro Road, Lebanon, Tennessee 37090, which may be served with process upon its Registered Agent, Rajul Kaushik Kurani, at 903 Murfreesboro Road, Lebanon, Wilson County, Tennessee 37090.

3. Plaintiff further alleges that this cause of action arises in tort out of personal injuries and damages incurred as a result of gross negligence by the defendant which occurred in Lebanon, Wilson County, Tennessee, on or about March 23, 2013. Said incident is the subject matter of this cause of action and Defendant is, therefore, subject to the jurisdiction, venue, and

**EXHIBIT 2**

service of process of this Honorable Court.

## FACTS

4. On or about March 23, 2013, Plaintiff was a registered guest at the Knights Inn Lebanon hotel located at 903 Murfreesboro Road, Lebanon, Tennessee 37090.

5. Upon information and belief, this Knights Inn Lebanon was owned by MP & T Hotels, LLC and operated by the same at all times pertinent herein.

6. On March 23, 2013, the Defendant controlled, operated and rented furnished rooms to the general public for stipulated compensation. Defendant invited the general public and Plaintiff to become its patron and guest at the Knights Inn in Lebanon, Tennessee.

7. On March 23, 2013, Plaintiff, Thomas Sutherland, was a guest of the Defendant in defendant's hotel, occupying a room for which Plaintiff paid to Defendant certain sums of money as agreed.

8. At all times relevant hereto, Defendant, by and through its agents, servants, workmen and/or employees acting in the course of their employment and within the scope of their authority, owned, operated, controlled, supervised, possessed and/or maintained the Knights Inn in Lebanon, Tennessee (the "Hotel").

9. Prior to March 23, 2013, the Plaintiff was solicited by the Defendant to visit, patronize, register, stay, stay overnight, inspect, experience, and otherwise do business at and with the Hotel.

10. Pursuant to the offers and solicitations of the Defendant, the Plaintiff arrived at the Hotel as business invitee on March 23, 2013, and registered as a guest.

11. While in his room, Plaintiff began to smell a strong chemical odor inside of his room which caused Plaintiff to develop a headache.

12. Plaintiff contacted the front desk by phone to inquire about moving to another room due to the strong chemical odor in his room.

13. Defendant's agent informed Plaintiff that there were no other rooms available at the Hotel.

14. Plaintiff then requested a refund. Plaintiff's request was denied.

15. After contacting the front desk without remedy, Plaintiff began to experience great pain and suffering including but not limited to, chest pain.

16. Plaintiff called 911.

17. Upon the arrival of EMS to Plaintiff's room at the Hotel, the chemical odor was so strong that the EMS instructed the Plaintiff to exit from his room so that he could be evaluated.

18. On March 23, 2013, as a direct and proximate result of Plaintiff's exposure to the noxious fumes and odors at the Hotel, the Plaintiff was taken by ambulance to the hospital, placed in ICU and quarantined.

19. Plaintiff was admitted into the hospital and discharged on March 26, 2013, for treatment required as a result of Plaintiff's exposure to the strong, dangerous, noxious fumes and odors present in the Hotel room.

20. The Defendant, by and through its agents, servants, workmen and/or employees, acting in the course of their employment and within the scope of their authority knew or should have known of the existence of the aforesaid dangerous and hazardous condition at the Hotel.

21. The Defendant knew or should have known of the existence of the aforementioned dangerous and hazardous condition at the Hotel prior to the Plaintiff's exposure thereto and was obliged to avoid, correct, remove, remedy, repair and/or eliminate said

3

condition, both before and after the exposure at issue.

22. As a result of Plaintiff's exposure, Plaintiff suffered personal injuries that required medical attention.

## FIRST CAUSE OF ACTION - NEGLIGENCE

23. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 22 as if fully set forth herein.

24. Defendant as owner, innkeeper and operator of the Hotel, is in a special relationship to business invitees in general and guests in particular, and is required under the law to comply with a high duty of care. As a guest of Defendant, Plaintiff was owed such a duty. Defendant further had a legal duty to exercise at least reasonable care for Plaintiff's safety while he was on the premises of the Hotel, along with a duty to warn him of any unsafe condition which it knew or with the exercise of reasonable care, should have known existed on the premises of the Knights Inn Lebanon. The Defendant failed to fulfill its legal obligation to the Plaintiff in the following respects:

a) Performing maintenance, repair, pest control, cleaning or other operations in a manner that allowed the fumes and odors from said operation to be inhaled by the Hotel's guest, Plaintiff;

b) Performing said operation within an unreasonable period of time of renting said room;

c) Failing to warn guests of the serious dangers of the fumes and odors to which they were being exposed;

d) Failing to properly ventilate or even fan the area so as to eliminate or reduce the risks presented by the dangerous and noxious fumes and odors;

e) Failing to keep the Plaintiff's Hotel room free of dangers and defects;

4

f) Directing the Plaintiff to occupy a defective and/or hazardous guest room;

g) Failing to correct, remedy, repair and/or eliminate the defective and/or hazardous condition, of which the Defendant was aware or should have been aware;

h) Failing to maintain the premises in a condition which would protect and safeguard persons lawfully upon the premises;

i) Failing to properly and adequately test and/or inspect the guest room at issue;

j) Failing to render the guest room safe;

k) Negligently and carelessly using chemicals and chemical agents at the Hotel; and

l) Upon information and belief, disregarding warnings and instructions as to the proper use of the chemicals at issue; and,

m) Upon information and belief, by negligently hiring and training employees with respect to their responsibilities, especially those relating to guest safety.

25. As a result of the negligence and carelessness of the Defendant, its business invitee, Plaintiff, Thomas Sutherland, was dangerously and needlessly exposed to strong, dangerous, noxious fumes and odors during his stay at the defendant's Hotel on March 23, 2013.

26. As a direct and proximate result of the Defendant's negligence and carelessness, including the aforesaid, the Plaintiff suffered personal injuries and experienced great pain and suffering, and additionally incurred medical expenses and sustained other damages, including financial damages.

## SECOND CAUSE OF ACTION – GROSS NEGLIGENCE

27. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 26 as if fully set forth herein.

28. By reason of the conduct described above, the Defendant is liable to Plaintiff in

5

gross negligence. The Defendant had a duty to maintain health and safety standards in the aforesaid Hotel. Defendant woefully failed to exercise even the slightest degree of care appropriate under the circumstances, and has exhibited reckless disregard for the rights and safety of the Plaintiff. In failing to act promptly and reasonably after receiving notice of the dangerous conditions, Defendant exhibited gross negligence.

29. Defendant's conduct constituted willful and wanton acts.

30. As a direct and proximate result of Defendant's gross negligence, Plaintiff, Thomas Sutherland, has suffered and continues to suffer severe injury and damages, and Defendant is liable to Plaintiff for, and the Plaintiff is entitled to recover from Defendant personal and financial damages, costs and expenses in an amount to be proven at trial.

## BREACH OF CONTRACT

31. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 30 as if fully set forth herein.

32. Plaintiff contracted with Defendant for the use of its premises and in particular its hotel room and was assigned a specific room by the defendant.

33. Plaintiff paid for the use of such facilities.

34. Defendant promised, expressly and impliedly to provide the Plaintiff with a reasonably safe premises.

35. Defendant breached its contract with the Plaintiff in that it did not provide reasonably safe premises.

36. Plaintiff suffered damages as a result of Defendant's breach of contract.

37. As a result, Plaintiff is entitled to recover from Defendant personal and financial damages, costs and expenses in an amount to be proven at trial.

6

## VIOLATION OF THE CONSUMER PROTECTION ACT

38. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 37 as if fully set forth herein.

39. Upon information and belief, the failure of the Defendant as described herein and in particular, Defendant's failure to acknowledge the presence of harmful fumes and/or chemical odors constitutes a deceptive and/or unfair act or practice in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, et seq that has resulted in damages to the Plaintiff.

## INJURIES AND DAMAGES

40. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiff, Thomas Sutherland, charges and alleges that as a direct and proximate result the aforesaid acts on the part of the Defendant, that he has suffered great damages, including but not limited to:

a) Serious illness including but not limited to, toxic exposure to some chemical agent, which resulted in altered mental status, nausea and vomiting and chest pain;
b) Physical pain and mental suffering;
c) Loss of enjoyment of life;
d) Medical expenses, both past and future, which partial expenses are hereby itemized pursuant to T.C.A. *§24-5-113* and attached to this Complaint as an Exhibit:

| | |
|---|---|
| *University Medical Center* | *$40,861.82* |
| *Solomon Emergency Physicians* | *$ 1,480.00* |
| *Advanced Diagnostic Imaging* | *$     81.63* |
| *Wilson Emergency Management* | *$   723.50* |
| *Total to Date* | *$43,146.95* |

7

42. Plaintiff further seeks damages for personal injury and pain and suffering and punitive damages, in an amount to be proven at trial for defendant's gross negligence.

## RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Thomas Sutherland, sues the Defendant, MP& T Hotels, LLC d/b/a Knights Inn Lebanon, and demands judgment against the same in the amount of two hundred fifty thousand dollars ($250,000.00). Plaintiff also prays for all costs, including discretionary, pre-judgment interest, post-judgment interest, attorney's fees and expenses, and for any other relief the court deems equitable and proper.

Respectfully submitted,

MORGAN & MORGAN – MEMPHIS, LLC

Jennifer L. Miller (BPR# 21392)
Attorney for the Plaintiff
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
Phone: (901) 217-7000
Fax: (901) 333-1897
jenniferm@forthepeople.com