**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **GREAT LAKES REINSURANCE** | ) | |
| **(UK) PLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:14-cv-2018** |
| | ) | **Judge Trauger** |
| **v.** | ) | |
| | ) | |
| **MP&T HOTELS, LLC d/b/a** | ) | |
| **KNIGHTS INN LEBANON, THOMAS** | ) | |
| **SUTHERLAND, and CHARLES STEWART** | ) | |
| **d/b/a STEWART AND SONS TERMITE** | ) | |
| **AND PEST CONTROL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Pending before the court is a Motion to Dismiss filed by defendant Charles Stewart

(Docket No. 13), which has been joined in by defendants Thomas Sutherland (Docket No. 21)

and MP&T Hotels, LLC ("MP&T Hotels") (Docket No. 18) (together, the "defendants"). The

plaintiff, Great Lakes Reinsurance (UK) PLC ("Great Lakes") filed a Response in opposition to

the Motion (Docket No. 17). For the reasons discussed herein, the defendants' Motion to

Dismiss will be granted in part and denied in part. The court will also stay this action pending

resolution of the underlying state tort action in the Circuit Court for Wilson County, Tennessee.

## BACKGROUND[1]

This declaratory judgment action involves a simple question: is the plaintiff, an insurance

company, obligated by its general liability policy with an insured, defendant MP&T Hotels, to

---

[1] Unless otherwise noted, the facts discussed in this Memorandum are drawn from the pleadings
and exhibits submitted by the parties. *(See* Docket Nos. 1, 14, 17, 18.)

defend and indemnify the insured with respect to an underlying personal injury action?  Despite this seemingly simple question, the issue presently before the court is whether, given the pendency of a related state court proceeding, this court should decline to exercise its discretionary jurisdiction over Great Lakes' request for declaratory relief.  The court will briefly recite the facts as they relate to the motion before the court.

## I.      The Parties

Great Lakes is an insurance company based in London, England, that provides insurance coverage to MP&T Hotels under Policy No. GLG005531 (the "Policy").  The Policy provides general liability coverage in accordance with its expressed terms, conditions, definitions, and exclusions.   MP&T Hotels operates a hotel, the Knights Inn, which is located in Lebanon, Tennessee.  Defendant Charles Stewart, who does business as Stewart & Son Termite and Pest Control, has performed pest extermination services at the Knights Inn.

On September 23, 2013, Thomas Sutherland was a guest of the hotel.  Currently, Sutherland is the plaintiff in a negligence action in the Circuit Court for Wilson County, Tennessee, against MP&T Hotels and Stewart & Son (the "Sutherland Litigation").

## II.      The Sutherland Litigation

On March 20, 2014, Sutherland filed a Complaint in the Circuit Court for Wilson County against MP&T Hotels.  (Docket No. 1, Ex. 2.)  In his original Complaint, Sutherland alleged that, as a paying guest of MP&T Hotels, he was injured as a result of exposure to a noxious fume or chemical odor.  (*Id.*)  Sutherland's original Complaint alleges three claims against MP&T: negligence, gross negligence, and breach of contract.  It requests money damages, including compensatory damages for Sutherland's medical expenses and pain and suffering, and punitive damages related to MP&T Hotels' alleged gross negligence.

On September 2, 2014, MP&T Hotels answered the Complaint and generally denied all of Sutherland's allegations, except the allegation that Sutherland was a registered guest on March 23, 2013. The Answer also raised an affirmative defense of comparative fault on the part of Stewart. Based on the hotel's comparative fault defense, Sutherland amended his Complaint to join Stewart as an additional defendant. (Docket No. 1, Ex. 3.) The general allegations of Sutherland's pleading did not change with his amendment, but he added Stewart as a defendant to each cause of action.

## III.  Facts Relevant to the Declaratory Judgment Action[2]

On May 1, 2012, Great Lakes issued the Policy to MP&T Hotels. The Policy, which is attached to the Complaint, provides general liability coverage to MP&T Hotels, subject to its detailed terms, conditions, definitions, and exclusions. Generally, the Policy provides that Great Lakes

> [w]ill pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [Great Lakes] will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

(Docket No. 1, Ex. 1.) In short, in order for coverage to apply under the Policy, there must be "bodily injury" caused by an "occurrence" during the policy period.

The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at a time." "Occurrence" means an accident, including the continuous and repeated exposure to substantially the same general harmful

---

[2] Unless otherwise noted, the facts are drawn from the allegations of Great Lakes' Complaint. (Docket No. 1.)

conditions.  The Policy also includes exceptions to coverage for injuries that are "expected or intended" by the insured (for instance, those caused by intentional acts) and "contractual liability."  Another exception to coverage, relevant here, is the "Absolute Pollution Exception."  The exception states:

> It is agreed that the exclusion relating to the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants is replaced by the following; or in the event no exclusion exists then the following exclusion applies nevertheless:
>
> 1.  to bodily injury or property damage arising out of the actual, alleged, or threatened discharge, dispersal, release or escape of pollutants;
>
>     a.  at or from premises owned, rented or occupied by the named insured;
>
>         . . .
>
> Pollutants mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

(*Id.*)

## IV.  Procedural Background of the Declaratory Judgment Action

Great Lakes filed this action on October 22, 2014.  Great Lakes alleges in its Complaint that, although it has been defending MP&T Hotels in the Sutherland Litigation under a full reservation of rights, it is not obligated to defend or indemnify MP&T Hotels because the Sutherland Litigation falls outside of the Policy's terms.  The Complaint names MP&T Hotels, Sutherland, and Stewart as defendants.  However, the allegations appear to only establish a controversy between Great Lakes and its insured.  Specifically, the Complaint alleges that (1) Sutherland's gross negligence claim is excluded from coverage under the "expected and intended" injury exclusion; (2) Sutherland's breach of contract claim is excluded from coverage

4

under the "contractual liability" exclusion; and (3) Sutherland's negligence claim is excluded from coverage under the Absolute Pollution Exception. Great Lakes' Complaint requests that the court declare that the claims identified in the Sutherland Litigation are not covered by the Policy, pursuant to the three specific exclusions. Great Lakes further seeks a judgment declaring that the Policy does not obligate Great Lakes to pay for any damages to Sutherland.

On November 14, 2014, MP&T Hotels filed an Answer to the Complaint. (Docket No. 11.) On November 17, 2014, Stewart filed a Motion to Dismiss the Declaratory Judgment Action, arguing that the court should decline to exercise its discretionary jurisdiction over the action. (Docket No. 13.) Great Lakes filed a Response in opposition to the Motion to Dismiss on November 25, 2014. (Docket No. 17.) On December 1, 2014, MP&T Hotels filed a brief in support of Stewart's motion. (Docket No. 18.) Sutherland joined in Stewart's motion on January 23, 2014. (Docket No. 21.)

## <u>ANALYSIS</u>

The defendants ask the court to decline to exercise its discretionary jurisdiction over this action. Specifically, they argue that, according to five relevant factors of consideration articulated by the Sixth Circuit, a decision to exercise jurisdiction over this action would be inappropriate because the resolution of unanswered factual questions in the state court action is a necessary predicate to this declaratory relief action.

## I. <u>The Declaratory Judgment Act and Relevant Factors for Consideration</u>

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Since its inception,

the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant." *Wilton*, 515 U.S. at 287 (internal citations omitted). The Court has further explained that the broad discretion given to district courts includes an alternative to dismissal; accordingly, district courts may also enter a stay of the federal action, pending resolution of the state court proceeding. *Brillhart*, 316 U.S. at 495; *Wilton*, 515 U.S. at 282-83 (discussing *Brillhart* and appropriate inquiry for whether or not to enter a stay or to dismiss a declaratory judgment at the outset). Accordingly, this court has broad discretion with respect to whether or not to exercise jurisdiction over Great Lakes' action, or to otherwise stay the action during the pendency of the underlying tort action.

The Sixth Circuit has established guidelines for district courts deciding whether or not to exercise discretionary jurisdiction over a declaratory relief action. "In determining the propriety of entertaining a declaratory judgment action, competing state and federal interests weigh in the balance, with courts particularly reluctant to entertain federal declaratory judgment actions premised on diversity jurisdiction in the face of a previously-filed state-court action." *Adrian Energy Assocs. v. Mich. Public Serv. Comm'n*, 481 F.3d 414, 421 (6th Cir. 2007). In insurance cases (like this action), the Sixth Circuit has frequently held that "declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court." *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986); *see also Travelers Indem. Co. v. Bowling Green Prof.*

*Assocs., PLC*, 495 F.3d 266, 273 (6th Cir. 2007). The Sixth Circuit has further "question[ed] the need for declaratory judgments in federal courts when the question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner." *Bituminous Cas. Corp. v. J&L Lumber Co., Inc.*, 373 F.3d 807, 816-17 (6th Cir. 2004). Accordingly, generally, "[s]uch actions . . . should normally be filed, if at all, in the court that has jurisdiction which gives rise to the indemnity problem. Otherwise confusing problems of scheduling, orderly presentation of fact issues and *res judicata* are created." *Manley*, 791 F.2d at 463; *see also Scottsdale Ins. Co v. Roumph.*, 211 F.3d 964, 967 (6th Cir. 2000). However, there is no *per se* rule to prevent district courts from exercising jurisdiction over declaratory judgment actions related to insurance relationships and relevant exceptions to coverage. *Roumph*, 211 F.3d at 967; *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987).

Accordingly, courts routinely engage in detailed case-specific inquiries when deciding whether or not to exercise jurisdiction over declaratory judgment actions, such as this one. To guide district courts in their decision-making, the Sixth Circuit has articulated five factors for consideration:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*;"

(4) whether the use of a declaratory judgment action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy that is better or more effective.

*Grand Trunk v. W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

## II.    The Defendants' Motion to Dismiss

The court will analyze each of the *Grand Trunk* factors individually as it applies to Great Lakes' request for declaratory relief.

### A.  Will the declaratory action settle the controversy?

The parties appear to agree that the primary controversy before this court is whether or not the Absolute Pollution Exclusion applies to the negligence claim alleged by Sutherland in his tort action against MP&T Hotels.[3]  The defendants argue that, without factual findings as to the cause of Sutherland's alleged injuries, this court is unable to render a judgment that would settle the controversy between Great Lakes and its insured.  Upon review of the pleadings and the parties' submission, the court agrees.

In the underlying tort action, Sutherland has alleged that, "while in his room, [Sutherland] began to smell a strong chemical odor . . . which caused [him] to develop a headache." Sutherland further alleges that, "[a]fter contacting the front desk [about the odor] . . . [he] began to experience great pain and suffering."  As a result of this alleged suffering, Sutherland has filed claims against two parties who are allegedly responsible, in part or in full—Stewart and MP&T Hotels.  At this point, however, the tort action has led to no conclusion as to liability and no factual findings as to the cause of the "strong chemical odor."  The court agrees with the defendants that, before it can determine whether an exception to coverage applies to Sutherland's claims, a factual determination will need to be made with regard to (1) what "pollutant," if any,

---

[3] Although Great Lakes does not specifically address its additional exceptions to coverage in its brief opposing the pending Motion to Dismiss, it appears from the Complaint that Great Lakes will also argue that the "intentional tort" and "contractual liability" exceptions will bar Sutherland's gross negligence and breach of contract claims.  (*See* Docket No. 1, Docket No. 22.)  The defendants have not specifically responded to these contentions in their briefs here.

allegedly caused Sutherland's injuries; and (2) whether the "pollutant," if any, was in fact

"discharged," "dispersed," "released," and/or "escaped," as set forth in the Absolute Pollution

Exception. Before such findings are made, infinite explanations exist for the alleged "chemical

odor"—many of which may place Sutherland's injuries within the Policy's coverage (*e.g.*, a non-

pollutant, perhaps a perfume, was present in the room), and many that fall within the Policy's

exception to coverage (*e.g.*, the presence of a pesticide in the room). Accordingly, at this stage,

any conclusion as to the application of the exclusion to Sutherland's claims would be premature,

and the declaratory judgment action would not resolve the controversy among the parties.[4]

Consequently, the court concludes that this factor weighs in favor of dismissal.[5]

---

[4] Nevertheless, the court concludes that, when a proper factual record exists, this declaratory relief action will settle the controversy between Great Lakes and its insured (MP&T Hotels).

[5] The court recognizes that, as Great Lakes argues, some courts have rendered judgment as to coverage based solely on pleadings in an underlying tort action in declaratory actions related to an insurer's duty to defend and indemnify its insured. *Drexel Chem. Co. v. Bituminous Ins. Co.*, 933 S.W.2d 471, 480 (Tenn. Ct. App. 1996). The rule, as articulated by the Tennessee Court of Appeals, is that "[a]n insurer may not properly refuse to defend an action against its insured unless 'it is plain from the face of the complaint that the allegations fail to state facts that bring the case within or potentially within the policy's coverage.'" *Id.* (quoting *Glen Falls Ins. Co. v. Happy Day Laundry, Inc.*, 1989 WL 91082 (Tenn. Ct. App. Aug. 14, 1989)). Here, however, the court concludes that the allegations of Sutherland's Complaint in the underlying tort action are, at the very least, "potentially within the policy's coverage." Moreover, the cases that Great Lakes calls "similar" are, in fact, distinguishable from Great Lakes' action. For instance, in *Mount Vernon Fire Ins. Co. v. Hicks*, the Eastern District of Michigan, upon a Rule 56 motion, held that a declaratory judgment action was appropriate in federal court because the allegations of pleadings from the underlying state tort action relied *entirely* on an allegation of assault as the cause of the tort victim's injuries. 871 F. Supp. 947, 951 (E.D. Mich. 1994). Consequently, the apparently uncontested and only possible cause of injury fell outside of the insurer's coverage based upon a blanket exclusion to coverage for illegal acts. Conversely, here, Sutherland's Complaint alleges merely that exposure to a "chemical odor" caused his injuries, and it appears unclear (or at the very least, disputed) whether that odor falls within the applicable exclusion to coverage. Moreover, certain factual questions related to the cause of Sutherland's injuries presently before the state court would significantly overlap with the discovery required to resolve the coverage question before this court in this declaratory action. Unlike *Mount Vernon*, Sutherland's allegation of a chemical odor does not fall unequivocally within the language of the

**B. Will the declaratory action clarify the legal relations at issue?**

As discussed with respect to the first factor, any determination as to coverage at this stage would be premature without a more developed factual record. Accordingly, the declaratory action would not clarify the legal relations between Great Lakes and its insured, MP&T Hotels. The declaratory action also would have no bearing on the legal relationships among Great Lakes and the additional defendants. Therefore, this factor weighs against the exercise of jurisdiction.

**C. Is the declaratory remedy being used merely to "provide an arena for a race for res judicata?"**

"The next factor to consider is whether the use of the declaratory judgment action is motivated by "procedural fencing" or likely to create a race for *res judicata*." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 558 (6th Cir. 2008). The defendants contend that Great Lakes' action appears to be an attempt to make an "end run" around the state court system. The third factor is meant to preclude jurisdiction for declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a natural plaintiff and who seem to have done so for the purpose of acquiring a favorable forum." *Id.* The Sixth Circuit has noted that, as to the third factor, "when the plaintiff has filed his claim after the state court litigation has begun, we have generally given the plaintiff the benefit of the doubt that no improper motive fueled the filing of the action." *Id.*

---

Absolute Pollution Exception. Great Lakes' additional case citations are similarly unpersuasive. *See Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 379 (4th Cir. 1994) (noting that the court was "satisfied that there is no significant overlap in the issues of fact that must be decided [between the state court action and federal declaratory action]"); *Monticello Ins. Co. v. Ky. River Cmty. Care, Inc.*, 173 F.3d 855, 855 (6th Cir. 1999) (concluding that jurisdiction over the declaratory relief action was appropriate because "the issue of insurer liability is distinct from the . . . factual determinations necessary" in the underlying state tort action).

Here, there is no evidence that Great Lakes' action was motivated by procedural fencing. Moreover, Great Lakes is not a party to the state court action and, therefore, the extent of its coverage obligations to MP&T Hotels is not an issue before the state court. Accordingly, Great Lakes' attempt to clarify its legal duties as an insurer in federal court cannot be construed as a "race to judgment." The Sixth Circuit has made clear that, even though "this action may have been an attempt to preempt an issue which the state court would eventually consider, the Declaratory Judgment Act gives [a plaintiff] the right to do precisely that." *Id.* Therefore, because of the absence of an improper motive, this factor weighs in favor of the exercise of jurisdiction.

### D. Will the action increase friction between the federal and state courts?

With respect to the fourth factor of consideration, the Sixth Circuit has offered three sub-factors for consideration:

(1) whether the state court's resolution of the underlying factual issues is important to an informed resolution of the federal case;

(2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action.

*Travelers*, 495 F.3d at 271.

In certain cases involving insurance coverage, the Sixth Circuit has recognized that a declaratory relief action can be resolved as a matter of law and does not require factual findings by a state court. "However, sometimes resolution of the issue raised in federal court will require making factual findings that might conflict with similar findings made by the state court. In such

cases, the exercise of jurisdiction would be inappropriate." *Id.* at 272. This case falls squarely within the latter category.

Here, with respect to the first and second sub-factors identified by the Sixth Circuit, there are necessary factual questions regarding the alleged "pollutant" or "chemical" that caused Sutherland's injuries that must be resolved before this court can make a conclusion as to what coverage, if any, Great Lakes owes to its insured. These factual questions are best resolved by the state court, which has jurisdiction over Sutherland's claims and is tasked with resolving the question of what party, if any, bears liability for Sutherland's alleged injuries. The state court's inquiry will also necessarily include a resolution as to what chemical, if any, caused Sutherland's alleged injuries and the method by which the Sutherland was exposed to the alleged chemical. Although, as Great Lakes argues, the issue of coverage is not before the state court, the factual question of what "odor" caused Sutherland's injuries is inextricably bound to the resolution of the state action and this federal action. Consequently, the court's exercise of jurisdiction over the coverage issue at this time and any conclusion that it might reach may result in claim preclusion in the state court action or, at the very least, lead to conflicting factual findings in these two proceedings.

Finally, the final sub-factor "focuses on whether the issue in the federal action implicates important state policies and is, thus, more appropriately considered in state court." *Flowers*, 513 F.3d at 561. The Sixth Circuit has held that, generally, "issues of insurance contract interpretation are questions of state law with which the . . . state courts are more familiar and, therefore, better able to resolve." *Travelers*, 495 F.3d at 273.

Applying these sub-factors to this case, the court concludes that the fourth factor counsels against the exercise of jurisdiction. A legal conclusion as to the scope of the Policy's coverage

requires findings of fact that are already properly before the state court in the Sutherland Litigation. Accordingly, this factor weighs against the exercise of jurisdiction.

**E. Is there an alternative remedy which is better or more effective?**

The defendants contend that the Circuit Court for Wilson County is best situated to decide the issues in this case, including the application of policy coverage to the Sutherland Litigation. Accordingly, they argue, Great Lakes should intervene in the state court action to request declaratory relief with respect to the scope of coverage under the Policy. It is well settled that a district court should "deny declaratory relief if an alternative remedy is better or more effective." *Grand Trunk*, 746 F.2d at 326. The Sixth Circuit has concluded that the inquiry as to alternative remedies "must be fact specific, involving consideration of the whole package of options available to the federal declaratory plaintiff." *Flowers*, 513 F.3d at 562.

Here, Great Lakes, which is already defending MP&T Hotels in the underlying tort action pursuant to a reservation of rights, could have intervened in the Sutherland Litigation or filed a declaratory action in the Tennessee courts, which could have been combined with the tort action by the state court. In many ways, these alternatives would have been better. All defendants in this action are parties to the Sutherland Litigation, and the factual questions that are determinative of the Policy's application are already pending before the state court. Moreover, the state court is best equipped to provide clear guidance as to Tennessee law and public policy with respect to insurance coverage. Accordingly, an alternative action in the state court would promote judicial efficiency and does not appear to prejudice Great Lakes.

Accordingly, this final factor counsels against exercising jurisdiction in this case.

**F. Balancing the Factors**

Four of the five *Grand Trunk* factors indicate that this court should decline to exercise jurisdiction over Great Lakes' declaratory relief claim. Given the limited record before this court and pendency of parallel proceedings that will resolve the factual questions underlying the legal relationship between Great Lakes and its insured, the court concludes that it would be inappropriate to adjudicate or render a judgment regarding Great Lakes' coverage obligations at this time.

Nevertheless, the court declines to dismiss the action as the defendants request. As the Supreme Court has noted, "where the basis for declining to proceed is the pendency of a state proceeding, a stay" – rather than dismissal – "will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n.2. Here, this action is properly before the court on the ground of diversity jurisdiction. Going forward, the Circuit Court for Wilson County may reach a number of potential determinations—including findings of fact as to the cause of Sutherland's injuries and the liability assigned to MP&T Hotels and Stewart, if any. Following the resolution of these necessary factual determinations, this declaratory relief action may properly proceed in this court.

## III.  Final Matters

As a final housekeeping matter, the court notes that Great Lakes admits expressly in its Complaint that it only included Sutherland and Stewart as parties to this action because they are "interested parties" in the outcome. (Docket No. 1 ¶ 7.) Great Lakes further submits in its brief that it does not object to Sutherland's and Stewart's requests to be dismissed from the case. (Docket No. 17 at 2 n.1). Consequently, the court will dismiss the individual defendants, Sutherland and Stewart, from this declaratory relief action.

## CONCLUSION

For these reasons, the court will deny the defendants' Motion to Dismiss with respect to defendant MP&T Hotels and grant the Motion to Dismiss with respect to defendants Sutherland and Stewart. Additionally, the court will order that this action will be stayed pending resolution of the Sutherland Litigation.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge